UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS; BARTENDERS & BEVERAGE DISPENSERS UNION LOCAL 165, <br><br>　　　　　Petitioners, <br><br>　v. <br><br>RIO PROPERTIES, LLC., a Nevada corporation, and DOES 1-100, <br><br>　　　　　Respondent. | 2:11-CV-01462-LRH-PAL <br><br> ORDER |

　　　Before the court is Petitioners' Motion for Judgment on the Pleadings (#11[1]), along with Petitioners' supporting memorandum (#12), Respondent's opposition (#16) and Petitioners' reply (#17).

　　　Also before the court is Respondent's motion for an extension of time (#13), requesting a two-week extension to respond to Petitioners' motion for judgment on the pleadings. Petitioners filed an opposition (#14), and Respondent replied (#15). Good cause appearing, the requested extension will be granted *nunc pro tunc*. Accordingly, the court will consider Petitioners' motion as fully briefed.

---

[1] Refers to court's docket entry number.

## I. Facts and Procedural History

This is an action to confirm a labor arbitration award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Petitioners are Local Joint Executive Board of Las Vegas ("LJEB"), a labor organization, and Bartenders & Beverage Dispensers Union Local 165 ("Local 165"), one of the local unions that comprise the LJEB. Respondent Rio Properties, LLC operates a hotel-casino known as the Rio.

As Petitioners allege and Respondent admits, LJEB and Respondent are parties to a Collective Bargaining Agreement ("CBA"), pursuant to which disputes are subject to binding arbitration. The arbitration at issue here concerned the termination of Michael Towner by McFadden's Restaurant and Saloon, located in the Rio. At the arbitration hearing on August 17, 2010, the arbitrator accepted the stipulations that, while the CBA is between the union and Respondent, Respondent delegated to McFadden's the duty to defend in the arbitration, McFadden's was bound by the CBA, and the CBA was applicable to this case.

On January 28, 2011, the arbitrator issued an award, in which he found that Towner was not terminated for just cause and ordered the "Employer" to reinstate Towner and make him whole in terms of lost income, position, seniority and benefits. The "Employer" was specifically designated in the caption as "McFadden's At The Rio" and in the opinion as "McFadden's Restaurant and Saloon," which the arbitrator described as "an independent business located in the Rio Hotel." Respondent is not mentioned in the arbitrator's decision.

On September 12, 2011, Petitioners filed its verified petition to confirm the arbitration award, naming only Rio Properties, LLC and Does 1-100 as respondent. Petitioners pray for an order "confirming and enforcing the Award as a judgment of this Court" and "ordering Respondent immediately to comply therewith," plus costs and attorneys fees. (Petition (#1), p. 4.)

On October 19, 2011, Respondent answered, admitting all of Petitioners' factual allegations, with three exceptions. First, while Respondent admits the allegation that it is "an"

employer for purposes of the LMRA, Respondent specifically "denies it was Michael Towner's employer." (Answer (#9), ¶ 4.) Second, Respondent "denies that Petitioners are entitled to a court order conforming and enforcing the Award as a judgment without joining McFadden's, Towner's employer, as a party." (*Id.* at ¶ 17.) Finally, Respondent asserts as an affirmative defense that "Petitioners have failed to join an indispensable party, McFadden's, which was Towner's employer." (*Id.* at p. 3.)

## II.     Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2004). In ruling on a motion for judgment on the pleadings, the court accepts as true all well-pleaded factual allegations by the nonmoving party and construes the facts in the light most favorable to that party. *Gen. Conference*, 887 F.2d at 230. Consequently, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact or an affirmative defense that, if proven, would defeat recovery. *Id.*

## III.    Discussion

Having reviewed the parties' pleading and pertinent exhibits attached thereto, the court concludes that Petitioners are not entitled to judgment on the pleadings. The arbitration award that Petitioners ask this court to confirm and enforce has no apparent application to Respondent. The award facially applies only to McFadden's as the "Employer," it makes no reference to Respondent as a party subject to the award, Respondent alleges that it is not Towner's employer, and the

3

arbitrator specifically defines McFadden's as the employer and an entity "independent" of the Rio Hotel, all of which the court must accept as true. Furthermore, neither the allegations in the petition nor the exhibits attached thereto provide any basis for enforcing the arbitration award against Respondent. Although it is undisputed Respondent is a party to the CBA that was stipulated to be enforceable against McFadden's, no explanation has been provided as to why an award facially pertaining to only McFadden's should be enforced against Respondent.

The court rejects Petitioners' argument that Respondent has waived its affirmative defense by failing to petition to vacate the arbitration award within the statute of limitations. Respondent's defense that Petitioners have failed to join McFadden's as an indispensable party does not challenge the validity of the award itself. Rather, it challenges Petitioners' ability to enforce the award against a third party and in the absence of the party against whom the award was issued. The court makes no determination on the merits of Respondent's affirmative defense, however. The record is insufficiently developed, and for present purposes the court need only determine that Petitioners' allegations are insufficient to entitle them to confirmation and enforcement of the arbitration award against Respondent.

IT IS THEREFORE ORDERED that Petitioners' Motion for Judgment on the Pleadings (#11) is DENIED.

IT IS FURTHER ORDERED that Respondent's Motion for an Extension of Time (#13) is GRANTED *nunc pro tunc*.

IT IS SO ORDERED.

DATED this 10th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE